[Civ. No. 151.  First Appellate District.—February 17, 1906.]

C. CONEY, Respondent, v. A. E. LOVETT et al., Defendants. A. E. LOVETT, Appellant.

LANDLORD AND TENANT—ASSIGNEE OF FORMER TENANT—POSSESSION. One who enters into the possession of leased premises as assignee of a former tenant, claims that he is the tenant thereof, pays the rent and takes receipts in his own name, remains in possession by the permission of the landlord, and does not restore the possession, is liable as tenant for the rent.

ID.—UNLAWFUL DETAINER—NOTICE TO QUIT.—In an action of unlawful detainer, an allegation in the complaint of the giving of a three days' notice to pay the rent or surrender possession, which is admitted by the answer, need not be proved.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, for Appellant.

L. G. Traugh, for Respondent.

COOPER, J.—Unlawful detainer.  Judgment for plaintiff for restitution of the leased premises and against defendant Lovett for $250, being two months' rent.  Defendant Munro has not appealed, and Lovett, the appellant, only contests his liability for the rent.

The court found that appellant entered into possession of the premises as tenant from month to month under an implied agreement to pay rent at the rate of $125 per month, payable monthly in advance, and that appellant agreed to pay the rent according to the terms of said implied agreement.  It is claimed that this finding is not supported by the evidence.  We think the evidence justified the court in making the finding.  It appears from the evidence that prior to November 10, 1903, the premises were in possession of one Holliday as tenant of plaintiff.  Whether the premises were leased to Mrs. Holliday from month to month, or by a lease in writing, does not appear.  The agent of plaintiff testified that on the 10th of November, 1903, he went to the premises to demand the rent from Mrs. Holliday and found appellant in possession; that the appellant said to witness that he had bought out Mrs. Holliday, and that he was the tenant, and wanted a receipt for the rent in his name; that for the next month a receipt was so given to appellant in his own name.  Thereafter and up to March 10, 1904, appellant paid the rent at the rate of $125 per month, generally going to the office of the agents of plaintiff and paying it there.  Appellant never surrendered possession to plaintiff, nor did he notify plaintiff of any subletting or change of occupancy.  He did not testify or produce any evidence at the trial.  It is alleged in the complaint "that on the tenth day of March, 1904, pursuant to the terms of said lease, there was, and ever since has been, owing and unpaid from said defendant Lovett, to said plaintiff for the rent of the said premises for one month, to wit, from and inclusive of the tenth day of March, 1904, to the tenth day of April, 1904, the sum of $125."  Although the complaint is verified, the above allegation is not denied.  The answer alleges affirmatively that about the eighth day of February, 1904, said defendant Lovett

sold and conveyed all the furniture on the premises, together with his "title and interest in the leasehold of said premises," to defendant Munro. No proof was offered in support of the said allegation. Appellant having thus stated that he was the tenant, paying the rent and taking receipts in his own name, remaining in possession by the permission of the landlord and not having restored the possession, must be held liable for the rent.

There is no merit in the claim that three days' notice to pay the rent or surrender possession was not given. The allegation in the complaint that such notice was given and served upon appellant is not denied, and hence there is no such issue.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.